## FLORENCE L. BRITTAIN, Appellant, v. JOSEPH GRAHAM, Respondent.

### St. Louis Court of Appeals, January 21, 1902.

**Damages,** Where the principal obstruction in a ditch is caused by the deposit of sediment from overflows, and this obstruction existed when defendant became the owner of his land, it is no fault or negligence of the defendant that the obstruction exists, and he is not liable for damage done by such obstruction to the adjoining land of plaintiff.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*O. S. Callihan* for appellant.

(1)   The courts of this State have, from the beginning, repeatedly decided that an owner of land can not collect surface water into an artificial channel, and then cast it upon the land of his neighbor.   Benson v. Railroad, 78 Mo. 504; Rychlicki v. St. Louis, 98 Mo. 497; Paddock v. Somes, 102 Mo. 226; Byrne v. Railroad, 47 Mo. App. 383; Payne v. Railroad, 112 Mo. 6; McCormick v. Railroad, 70 Mo. 359.   (2) And the rule will, as a matter of course, equally apply where he causes the same result by constructing a ditch connecting with an established artificial channel, into which the surface water from the lands of other persons is collected.   Whether

the ditch running east and west from the bluffs to Sugar creek is an artificial watercourse or not, defendant has no right to carry the waters from it down upon the lands of plaintiff. Wills v. Madison, 75 Ind. 241; Gilhion v. Charleston, 16 W. Va. 282; Templeton v. Voshloe, 72 Ind. 134; Kelly v. Deming, 39 N. J. Eq. 482; Wagner v. Chaney, 19 Ill. App. 546; Paddock v. Somes, 102 Mo. 226.

*J. A. Whiteside* for respondent.

(1) Plaintiff in her petition charges defendant with wrongfully diverting, from a ditch on the north side of defendant's land, the water that was accustomed to flow through said ditch into Sugar creek, and causing same to be carried down upon the lands of plaintiff; and she asks that defendant be prohibited from obstructing the flow of water through said ditch into Sugar creek, and that he be required to keep said ditch open. Plaintiff should be confined, we think, to the cause of action stated in her petition. Abbott v. Railroad, 83 Mo. 271; Gessley v. Railroad, 26 Mo. App. 156. Even if plaintiff had complained, in her petition, that defendant had collected surface water and wrongfully discharged same upon her lands, and asked relief against same, we contend that the facts in this case would not entitle her to relief. Abbott v. Railroad, 83 Mo. 271, overruling McCormick v. Railroad, 70 Mo. 359, cited in brief for appellant. Jones v. Railroad, 84 Mo. 155; Hoester v. Hemsath, 16 Mo. App. 485; Burke v. Railroad, 29 Mo. App. 370; Railroad v. Schneider, 30 Mo. App. 620; Collier v. Railroad, 48 Mo. App. 398; Harrelson v. Railroad, 151 Mo. 482.

BLAND, P. J.—Plaintiff is the owner of the southeast quarter of section twenty-one and of the northeast quarter of section twenty-eight, township sixty-four, range six west, situated in Clark county. The defendant is the owner of the

northeast quarter of section twenty-one, same township and range. It will be observed from the description of the two tracts that defendant's land is bounded on the south and east by the land of the plaintiff. Both tracts lie between the Mississippi river and the bluffs west of that river, and are bottom lands.

The plaintiff inherited her land from her father, Charles Henshaw. Defendant has been the owner of and in possession of his tract for the past twelve or fifteen years. A stream flowing a short distance in a natural channel known as Sugar creek originally ran near the northeast corner of defendant's land, then in a southeast direction over plaintiff's land into lowlands of plaintiff where it ceased to have a defined channel and the waters from it spread out over the lowlands and continued on in a southeasterly direction, finally flowing into Honey creek.

Twenty or twenty-five years before defendant purchased his land a ditch had been constructed along the north line of his tract emptying into Sugar creek near the northeast corner of his land. This ditch received the surface water coming from the north and conveyed it into Sugar creek except in times of large freshets when the creek would back up and cause the waters in the ditch to overflow. Twelve or fifteen years before the trial and while Henshaw owned plaintiff's land, he changed the course of Sugar creek by digging a ditch along the east line of defendant's land and past the southeast corner thereof. According to the evidence, the effect of the change in the channel of Sugar creek was to decrease its fall and to cause the waters in it to back up and to eventually fill up the ditch on the north of defendant's land for something near a quarter of a mile back from its mouth. The evidence shows that after it filled up it had been cleaned out and that it again filled up from sediment deposited by backwater out of Sugar creek and had been in this condition for eight or ten years.

The evidence is also, that from sediment deposited by the overflow of Sugar creek, the east part of defendant's land became higher than the center of the tract and the evidence is that the west part of his tract is higher than the center and that the flow of surface water on his land is toward the center from both the east and west and to the south. For a great number of years there was a ditch along the south line of defendant's tract emptying into, what is termed by the witnesses, Summer's ditch to the east of defendant's southeast corner. The change made in the channel of Sugar creek by Henshaw, the evidence tends to show, filled up the Summer's ditch and obstructed the mouth of defendant's south ditch. Some eight or nine years ago defendant constructed a ditch through the center of his tract and dammed up the north ditch about the center of his tract and constructed a levee so as to turn the surface water into his north and south ditch. According to the evidence, the effect produced by the dam and levee made by defendant was to cause the water, which ceased to flow through the north ditch into Sugar creek, to flow through his north and south ditch into the ditch on the south line of his tract. The latter ditch having no outlet, these waters overflowed and spread out on plaintiff's land doing plaintiff damage.

The petition is in equity and asks that defendant be enjoined from maintaining his dam across the north ditch and that he be compelled to keep said ditch open so that the water coming from the north may be gathered by said ditch and emptied into Sugar creek.

The court on its own motion called a jury and submitted to it the following questions:

"1. Before and at the time defendant dammed or put levee across the ditch running on south side of road and entering into Sugar creek, was the east end of said ditch filled up so water would not flow and pass through same into said Sugar creek?

"2. Before, and at the time defendant dammed or leveed

the ditch, had said ditch been abandoned as a watercourse to carry water into Sugar creek?

"3.   Did and does the damming of the Sugar creek ditch by defendant, cause water to be turned upon plaintiff's lands to the injury of same that would have passed on to Sugar creek, had the dam not have been put in?

"4.   Did defendant cut a ditch, or cause the same to be done, leading from the ditch running east along the road into Sugar creek, leading south from said ditch, discharging the waters of same upon the lands of the plaintiff, that would not have been so discharged had the dam not have been put in the ditch leading into Sugar creek, to the injury of said lands of the defendant?

"5.   Did the defendant dam the ditch leading into Sugar creek and cut a ditch connected therewith, above said dam, and thus turn the water of said ditch leading into defendant's lands that would have passed into said Sugar creek, through said ditch, had the dam not have been put in, to the injury of said lands of plaintiff?"

To which the jury returned the following answers:

"No. 1.   Yes.

"No. 2.   Yes.

"No. 3.   No.

"No. 4.   No.

"No. 5.   No."

The court adopted the finding of the jury and found the issues for the defendant and rendered judgment accordingly.

After an unsuccessful motion for a new trial plaintiff appealed.

According to the finding of the jury and the trial court, and according to the preponderance of the evidence, as it seems to us, the removal of the dam across the north ditch would not afford the plaintiff the protection she desires, to-wit, to cause the water of which she complains to flow from

the north ditch into Sugar creek, for, according to the weight of the evidence, the ditch for nearly a quarter of a mile back from its mouth is filled up with sediment even with the surface. The evidence shows that this fill was brought about by the ancestor of plaintiff in changing the course of Sugar creek and she is in no better position to ask that defendant be required to remove this source of damage than would be Henshaw if he were living and prosecuting the suit. Plaintiff makes no complaint of the north and south ditch through defendant's land, her sole complaint is in respect to the obstruction of the north ditch. The principal obstruction in this ditch is at its mouth, caused by the deposit of sediment from overflows. This obstruction existed, according to the evidence, when defendant became the owner of his land. It is therefore not his fault or negligence that the obstruction exists. A privity in estate existed between Henshaw and the plaintiff. The principal obstruction in the ditch was brought about by Henshaw. It has never yet been held that another shall be required to repair an injury which one has done to himself.

The judgment is for the right party and should be affirmed. Judges *Barclay* and *Goode* concur.